IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2022 JUN 22 P 12: 07
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| RAQUEL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD J. AUSTIN III,<br>SECRETARY,<br>U.S. DEPARTMENT OF DEFENSE,<br><br>Defendant. | Civil Action No. **CV222-057**<br><br>Jury Trial Demand |

### COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff, by and through undersigned counsel files this Complaint for Damages and Equitable Relief, and shows the Court as follows:

### I. Preliminary Statement

1. This action seeks actual damages, declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees for the disability discrimination, and reprisal and harassment suffered by Plaintiff Racquel Martin ("Ms. Martin") in her treatment by Defendant.

### II. Jurisdiction

2. This action is brought for disability discrimination, reprisal and harassment under American with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected activities.

3. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4. Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about August 16, 2019, and Plaintiff subsequently timely filed a formal complaint of discrimination on or about October 18, 2019. *See Formal Complaint attached.*

5. Plaintiff subsequenstly received a Final Order from the Agency on March 24, 2021. therPlaintiff was informed that she had a right to file a civil action, within ninety (90) calendar days from the date she

received the decision. She files this action timely.

## III. Venue

6. This action properly lies in the United States District Court for the Southern District of Georgia, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## IV. Parties

7. Plaintiff was a Produce Manager (GS-1144-07) with the Department of Defense Commisary Agency ("DOD") in Camden County, GA at all relevant times.

8. Plaintiff is a resident of El Paso County, Texas and is a citizen of the United States.

9. The Defendant is a federal government agency and has offices throughout the United States, including in Camden County, Georgia. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

V. Facts

10. Plaintiff was the Produce Manager with the DOD Commissary Agency in Kings Bay, GA, and she occupied that position and with the Agency for two years. Plaintiff was a full time employee of the DOD at all times relevant to this complaint.

11. Plaintiff's first-level supervisor from April 2018 through September 2018 was Todd Saunders, Assistant Commissary Officer.

12. From September 2018 until November 2019 her first line supervisor was Tommy Smith, Assistant Commissary Officer, and following that date she started reporting to Lance Bentley, Assistant Commissary Officer, until her resignation on June 30, 2020.

13. Plaintiff's second-level supervisor was Ann-Marie Wyatt, Assistant Commissary Supervisor from April 2018 until her transfer on June 30, 2020.

14. During relevant times, Mr. Smith repeatedly subjected Complainant to condescending, derogatory remarks and insults both verbally and in writing.

15. Some of these insults referenced Plaintiff's protected status.

16. On July 10, 2019, Plaintiff received a Letter of Reprimand for Negligent Performance of Duty, but this was false and pretext for discrimination.

17. On September 11, 2019, Plaintiff received a Notice of Proposed Suspension, and was suspended for seven days on November 6, 2019.

18. These proposal and suspension were pretext for discrimination.

19. Defendant's actions damaged Plaintiff and her reputation.

20. Defendant is liable for its actions.

VI. **Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race (harassment and disparate treatment).**

21. Plaintiff incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

22. Any employment actions were not free from discrimination based on race and/or were because of race.

23. The harassment was severe and/or pervasive.

24. The harassment was based on race.

25. The harassment was unwelcome.

26. The harassment caused Plaintiff damages for which Defendant is responsible.

27. Defendant subjected Ms. Martin to race discrimination and race-based harassment in violation of Title VII, causing Ms. Martin damages.

28. Mr. Smith repeatedly subjected the Plaintiff to condescending, derogatory remarks and insults both verbal and in writing.

29. On July 10, 2019, Plaintiff received a Letter of Reprimand for Negligent Performance of Duty.

30. On September 11, 2019, Plaintiff was issued a Notice of Proposed Suspension.

31. On November 6, 2019, Plaintiff was notified she would be suspended for seven (7) calendar days effective December 8, 2019.

32. In December 2019, Ms. Martin befan to experience a change in the assignment of duties.

33. In December 2019, Ann-Marie Wyatt harassed the Plaintiff, and issued her a Performance Improvement Plan.

VII. **Count II: Violation of Title VII of the Civil Rights Act of 1964 based on gender (harassment and disparate treatment).**

34. Ms. Martin incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

35. Any employment actions were not free from discrimination based on gender and/or were because of gender.

36. The harassment was severe and/or pervasive.

37. The harassment was based on gender.

38. The harassment was unwelcome.

39. The harassment caused Plaintiff damages for which Defendant is responsible.

40. Defendant subjected Ms. Martin to gender discrimination and gender-based harassment in violation of Title VII, causing Ms. Martin damages.

**Count III: Violation of Rehabilitation ACt (ADA) – Harassment and Disparate Treatment, and Retaliation**

41. Plaintiff incorporates by reference the proceeding paragraphs of her complaint as if fully set forth herein.

42. Plaintiff is a qualified individual with disabilities, specifically, diabetes.

43. Plaintiff is member of a protected class.

44. Plaintiff was diagnosed in 2003.

45. Plaintiff was qualified to perform her duties as a Produce Manager.

46. Any employment actions were not free from discrimination based on disability and/or were because of disability.

47. The harassment was severe and/or pervasive.

48. The harassment was based on disability.

49. The harassment was unwelcome.

50. The harassment caused Plaintiff damages for which Defendant is responsible.

51. Defendant subjected Ms. Martin to disability discrimination and disability-based harassment in violation of federal law, causing Ms. Martin damages.

**Count IV: Violation of Title VII of the Civil Rights Act of 1964 based on reprisal (harassment and disparate treatment).**

52. Ms. Martin incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

53. Any employment actions were not free from discrimination based on protected activity and/or were because of protected activity.

54. The harassment was severe and/or pervasive.

55. The harassment was based on protected activity.

56. The harassment was unwelcome.

57. The harassment caused Plaintiff damages for which Defendant is responsible.

58. Defendant subjected Ms. Martin to reprisal and retaliatory harassment in violation of Title VII, causing Ms. Martin damages.

**Prayer for Relief**

59. Wherefore, Plaintiff prays that this Court:

   a. declare the conduct engaged from the Defendant to be in violation of her rights;

   b. enjoin the Defendant from engaging in such conduct;

   c. award Ms. Martin actual and compensatory damages;

   d. award Ms. Martin costs and attorney's fees; and

   e. grant such other relief as it may deem just and proper

**Jury Demand**

60. Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted today,

**Racquel Martin, Pro Se**

4781 Loma Del Rey Circle

El Paso, TX 79934

United States

Martin2533@aol.com

(904) 521-5050

### Jury Demand

60. Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted today,

**Raquel Martin, Pro Se**

*[signature]*

4781 Loma Del Rey Circle

El Paso, TX 79934

United States

Martin2533@aol.com

(904) 521-5050