# In the United States District Court for the Southern District of Georgia Brunswick Division

RAQUEL MARTIN,

    Plaintiff,

v.

LLOYD J. AUSTIN, III, Secretary, U.S. Department of Defense,

    Defendant.

CV 2:22-057

## ORDER

Before the Court is a motion to dismiss filed by Defendant Lloyd Austin, III. Dkt. No. 22. Plaintiff has responded in opposition, dkt. no. 25, and the motion is ripe for review.

## BACKGROUND[1]

Plaintiff is an African American female who was diagnosed with diabetes in 2003. Dkt. No. 12 ¶ 14. At all relevant times, Plaintiff was a produce manager with the Department of Defense Commissary Agency ("DOD") at Kings Bay Naval Base in Camden County, Georgia. Id. ¶¶ 7, 10.

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

Ann-Marie Wyatt, assistant commissary supervisor, was Plaintiff's second-level supervisor from April 2018 through June 30, 2020. Id. ¶ 13. Ms. Wyatt was aware of Plaintiff's diabetes and would ask about Plaintiff's diabetes on multiple occasions. Id. ¶¶ 16, 17.

Tommy Smith, assistant commissary officer, was Plaintiff's first-level supervisor from September 2018 through November 2019. Id. ¶ 12. Mr. Smith was aware of Plaintiff's diabetes. Id. ¶ 16. Mr. Smith frequently told Plaintiff, "[Y]ou all go to the doctor too much." Id. ¶ 18. Plaintiff alleges Mr. Smith "labeled/stereotyped [her] as an angry black woman making untrue statements such as during a meeting she threw a chair and rolled her eyes, that Plaintiff did not know how to talk to people." Id. ¶ 19. Mr. Smith allegedly told Plaintiff, "[M]y first wife was black, that's why I am not married to a Black woman anymore." Id. ¶ 20. Plaintiff further also alleges "Mr. Smith made fun of Plaintiff's hair." Id. ¶ 21.

On May 15, 2019, Plaintiff received a "Letter of Concern" from Mr. Smith stating, "You brough [sic] up the fact that you have personal medical issues that you are trying to deal with. I feel that you have done a great job in the produce department, have gotten a l[ot] of positive feedback from customers, but I do believe that the personnel issues you are experiencing are starting to affect your ability to effectively run the Produce Department

2

at Kings Bay Commissary." Id. ¶ 24. Plaintiff confronted Mr. Smith "about the comments and he said that Plaintiff was the problem not him." Id. ¶ 22. "Shortly thereafter, on July 10, 2019, Plaintiff received a Letter of Reprimand for Negligent Performance of Duty." Id. ¶¶ 23, 47. Plaintiff alleges she "received no counseling or warning before she was given the letter of reprimand." Id. ¶ 29.

Plaintiff alleges Mr. Smith and Ms. Wyatt "did not provide [her] proper guidance when it came to the formal inventory". Id. ¶ 25. She also alleges Mr. Smith did not tell her "how he wanted the produce department inventories conducted," and "Mr. Smith did not know how to do a formal inventory, but told the produce store works [sic] to do inventory his way." Id. ¶¶ 26, 33. Plaintiff alleges that when "inventory was found out of tolerance," she was blamed. Id. ¶ 27.

On September 11, 2019, Plaintiff received a "Notice of Proposed Suspension" from Mr. Smith, and, on November 6, 2019, she received a "Decision on Notice of Proposed Suspension" stating that she would be suspended for seven days effective December 8, 2019. Id. ¶ 30; see also Dkt. No. 22-5 (Decision on Notice of Proposed Suspension dated November 6, 2019).

Plaintiff further alleges that, in December 2019, Ms. Wyatt "issued her a Performance Improvement Plan," dkt. no. 12 ¶ 51, and

3

she "be[g]an to experience a change in the assignment of duties," id. ¶ 50.

Plaintiff alleges she did not "commit the conduct for which she was disciplined," id. ¶ 31, and that the "charges were not investigated fairly," id. ¶ 32. She further alleges "she was not insubordinate," id. ¶ 33, "she was busy and did not receive a replacement," id. ¶ 34, she did not "yell or use profanity," id., and her suspension was both "too extreme for the conduct at issue" and pretextual, id. ¶¶ 35-36.

Plaintiff initially contacted the Equal Employment Opportunity Commission ("EEOC") on August 16, 2019. Dkt. No. 12 ¶ 4. Plaintiff filed a formal complaint of discrimination on or about October 18, 2019.[2] Id. ¶ 4. Plaintiff received a final order from the EEOC on March 24, 2022,[3] which advised her that she had ninety days to file a lawsuit. Id. ¶ 5.

In her amended complaint against the DOD Secretary, Lloyd Austin, Plaintiff brings claims for "Violation of Title VII of the Civil Rights Act of 1964 based on race (harassment and disparate treatment)" (Count I), id. ¶¶ 39-51; "Violation of Title VII . . . based on gender (harassment and disparate treatment)" (Count II), id. ¶¶ 52-58; and "Violation of Rehabilitation Act (ADA) –

---

[2] Plaintiff purports to attach the "formal complaint of discrimination" to her amended complaint, but she failed to do so. See Dkt. No. 12 ¶ 4.
[3] Plaintiff alleges she received the final order on March 24, 2021, but the document itself reflects a date of March 24, 2022. See Dkt. No. 22-4 at 5. Therefore, the Court deems the 2021 date a typo.

4

Harassment and Disparate Treatment, and Retaliation" (Count III), id. ¶¶ 59-69. Plaintiff seeks "actual damages, declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees." Id. ¶ 1; see also id. ¶ 70.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the

6

> last count to be a combination of the entire complaint.11 The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. 1321-23.

Here, Plaintiff's amended complaint falls under three of the shotgun pleading categories. First, the amended complaint "contain[s] multiple counts where each count adopts the allegations of all preceding counts." Id. at 1321. For example, in Counts I, II, and III, Plaintiff "incorporates by reference the proceeding [sic] paragraphs of this complaint as if fully set forth herein." Dkt. No. 12 ¶¶ 39, 52, 59. The counts themselves contain very few, if any, factual assertions to support her cause of action.

Secondly, Plaintiff's amended complaint "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. For example, Count III

7

of Plaintiff's amended complaint contains claims for "[H]arassment and Disparate Treatment[] and Retaliation." Dkt. No. 12 at 9.

Finally, while Plaintiff's amended complaint is brought against only one defendant, i.e., the DOD, the allegations contained in Counts I, II and III do not clearly specify whose actions—those of Mr. Smith or Ms. Wyatt—form the basis for her claims. See Weiland, 792 F.3d at 1323. Therefore, the Court concludes Plaintiff's amended complaint is a shotgun pleading.

"[D]istrict courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)). Further, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Accordingly, Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Her failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to clearly assert sufficient facts to state

a claim for relief in a coherent manner will result in dismissal of this case.

## CONCLUSION

Defendant's motion to dismiss, dkt. no. 22, is **DENIED** at this time. Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order. The motion hearing scheduled for September 14, 2023 is cancelled.

**SO ORDERED,** this 15th day of August, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA